IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RITCHIE D. SIMS,

   Petitioner,

v.

JORGE L. PASTRANA, Warden;
CARLYLE HOLDER, Warden, and
THURBERT E. BAKER, Attorney
General,

   Respondents.

CIVIL ACTION NO.: CV205-151

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ritchie Sims ("Sims"), an inmate currently incarcerated at the Federal Correctional Institution in Miami, Florida, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions he obtained in the Superior Court of Glynn County in 1994. Respondent filed an Answer-Response and a Motion to Dismiss. Sims has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Sims was charged in Case Number 9400363 with possession of cocaine with intent to distribute and possession of cocaine. Sims was charged in Case Number 9400577 with interference with government property and misdemeanor obstruction of a law enforcement officer. On July 24, 1994, Sims entered guilty pleas to possession of cocaine and to both counts in Case Number 9400577. (Doc. No. 9, p. 1.) Sims was sentenced to 15 years' imprisonment, to serve 5 years, on the possession charge and to 5 years' imprisonment

on Count 1 and 12 months' imprisonment on Count 2 in Case Number 9400577. The sentences in Case Number 9400577 were to run concurrently with each other and with Sims' sentence for the cocaine charge. (Doc. No. 9, p. 2.) Sims did not file an appeal. (Doc. No. 1, p. 1.)

Sims filed a state habeas corpus petition in the Glynn County Superior Court on July 15, 2002, challenging not only his 1994 convictions but convictions he obtained in 1991. The state habeas corpus court conducted an evidentiary hearing and denied Sims' requested relief as to his 1994 convictions[1] on July 15, 2004. The Georgia Supreme Court dismissed Sims' application for a certificate of probable cause to appeal as untimely filed on June 30, 2005. (Resp't's Ex. 1.) Sims filed the instant petition on July 18, 2005. Respondent seeks dismissal of Sims' petition as untimely filed.

## DISCUSSION AND CITATION OF AUTHORITY

Through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress amended Title 28 United States Code sections 2244 and 2254 to accelerate the process for filing habeas corpus petitions. The amendment sets forth a one year statute of limitation within which prisoners must file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). According to the AEDPA, the statute of limitation period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

---

[1] The state habeas court granted relief as to one of Sims' 1991 convictions and vacated his conviction in Case Number 9100130. (Order dated July 15, 2004, p. 6.)

2

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

It is undisputed that the AEDPA applies to this section 2254 petition, as Sims filed it on July 18, 2005, more than nine (9) years after the April 24, 1996, enactment of the AEDPA. Sims' conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Sims entered guilty pleas in the Glynn County Superior Court on July 24, 1994; he did not file a direct appeal. Thus, his convictions became final on or about August 23, 1994. See O.C.G.A. § 5-6-38 (noting that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of). Petitions contesting events occurring prior to the enactment of the AEDPA should have been filed within one (1) year of its enactment, or by April 23, 1997, absent any tolling of the statute of limitation. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998).

Sims did not file the instant petition until July 18, 2005, which is almost eleven (11) years after he pleaded guilty in the Glynn County Superior Court and over nine (9) years after the AEDPA was enacted. Sims did not file a state habeas corpus petition until July

3

15, 2002, more than five (5) years after the period allowed for in <u>Wilcox</u>. The applicable statute of limitation was not tolled, and Sims' petition was filed well outside of the one year statute of limitation available under 28 U.S.C. § 2244(d)(1). Accordingly, Sims is not entitled to his requested relief.[2]

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 8) be **GRANTED**, and Sims' petition, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED** this 14th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] The relevant statute of limitation in this Court is that pertaining to petitions for writ of habeas corpus filed pursuant to section 2254, not any statute of limitation applicable to habeas petitions filed in the Georgia courts. Even if the undersigned were to find Sims' contention in this regard compelling, this Court would nonetheless defer to the Glynn County Superior Court decision (Order dated July 15, 2004, pp. 6-8) that Sims is not entitled to his requested relief because his 1994 pleas were entered into knowingly, intelligently, and voluntarily. <u>See</u> 28 U.S.C. § 2254(d)(1).

4