

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RITCHIE D. SIMS, | |
| Petitioner, | |
| v. | CIVIL ACTION NO.: CV205-151 |
| JORGE L. PASTRANA, Warden; CARLYLE HOLDER, Warden, and THURBERT E. BAKER, Attorney General, | |
| Respondents. | |

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Sims asserts that the Antiterrorism and Effective Death Penalty Act ("AEDPA") should not bar his petition because Georgia law did not provide a time limit by which to file a petition for writ of habeas corpus in the state courts. Sims contends that the AEDPA's bar to his petition is unconstitutionally applied to him because such a bar violates the Suspension Clause of the United States Constitution. Sims did not file his petition for writ of habeas corpus in the Glynn County Superior Court until July 15, 2002, which is more than five (5) years after the statute of limitation provided to prisoners whose convictions were final prior to the AEDPA's enactment expired. See Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (noting that petitions contesting events occurring prior to

AO 72A
(Rev. 8/82)

the enactment of the AEDPA should have been filed within one year of its enactment, absent any tolling of the statute of limitation). However, a state petition "filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). The Eleventh Circuit Court of Appeals has determined that the statute of limitation applicable to 28 U.S.C. § 2254 petitions "is not an unconstitutional suspension of the writ of habeas corpus." Id. at 1334 (internal citation omitted). Sims' contentions are without merit.

Sims also asserts that dismissal of his petition is contrary to clearly established Supreme Court precedent. Sims cites Daniels v. United States, 532 U.S. 374, 121 S. Ct. 1578, 149 L. Ed.2d 590 (2001), and Lackawanna Co. Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed.2d 608 (2001), as support for this contention. In Lackawanna, the United States Supreme Court applied the holding of Daniels to section 2254 applications and stated

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna, 532 U.S. at 403-04, 121 S. Ct. at 1574 (internal citation omitted). Sims asserts that he has complied with Georgia's exhaustion requirements, and section 2254 should be open to him. Sims' assertion in this regard overlooks the fact that Sims filed his state petition for writ of habeas corpus long after the one year statute of limitation

2

applicable to this instant § 2254 expired. Additionally, the holding in <u>Lackawanna</u> does not support Sims' contention.

Finally, Sims asserts that because his state petition was reviewed on its merits and thus timely filed, the AEDPA does not limit federal habeas review of his timely filed state court petition. If this Court were to accept this proposition, petitioners like Sims could wait an extraordinary amount of time before filing a petition in a state court and then come to federal court to file a federal petition for habeas relief after that. The law of this circuit counsels against this assertion. See <u>Tinker</u>, 255 F. 3d at 1333.

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Sims' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 11th day of April, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)